# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 07-182** |
| **TERRY BOOTY** | **SECTION "I"** |

## ORDER AND REASONS

Before the Court is a second motion[1] for reconsideration pursuant to Fed. R. Civ. P. 59(e) ("Rule 59(e)") filed by defendant, Terry Booty ("Booty"), regarding this Court's denial[2] of his petition to vacate, set aside, or correct his conviction and/or sentence pursuant to 28 U.S.C. § 2255. Booty requests the Court to grant him an evidentiary hearing with respect to the question of whether his attorney rendered ineffective assistance of counsel for failing "to adequately consult with him and advise him on the different requirements for §5K1.1 as opposed to the requirements for safety-valve."[3] For the following reasons, the motion is **DENIED**.

In denying Booty's first motion for reconsideration, this Court stated:

> Notwithstanding petitioner's protestations that he was willing to provide some information to the government with respect to the involvement of his family and his drug suppliers in his crime, nowhere in either petitioner's § 2255 application or in his motion for reconsideration does petitioner state that he would have provided *all* such information to the government as is required to achieve safety-valve eligibility.[4]

---
[1] R. Doc. No. 486.
[2] R. Doc. No. 481.
[3] R. Doc. No. 486, p. 2.
[4] R. Doc. No. 485.

In his current motion, Booty responds that he "clearly, perhaps in a pro se way, states that he would have provided all he knew" and consequently his attorney provided ineffective assistance when he allegedly informed Booty that Booty would have to "provide all he knew on everyone" in order to be eligible for a safety-valve reduction under the U.S. Sentencing Guidelines.[5] The government responds that Booty's argument is no moment, because even if Booty had satisfied the safety-valve "full cooperation" requirement, he did not qualify for a safety-valve reduction under U.S.S.G. § 5C1.2(a)(4) as he was an "organizer/leader/manager" in the charged offense.[6]

The sentencing guideline popularly known as the "safety valve," U.S.S.G. § 5C1.2, permits a court to impose a sentence below the statutory mandatory minimum sentence when the defendant does not have more than 1 criminal history point and, before the sentencing hearing, "the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(1) and (5). In order to qualify for the safety-valve reduction, the defendant must meet several criteria, including that the defendant may not be "an organizer, leader, manager or supervisor of others in the offense, as determined under the sentencing guidelines." U.S.S.G. § 5C1.2(a)(4).

Application note 5 states that " '[o]rganizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines,' as used in subsection (a)(4), means a defendant who receives an adjustment for an aggravating role under § 3B1.1." U.S.S.G. §

---

[5] R. Doc. No. 486, p. 3.
[6] R. Doc. No. 490, p. 3. Citing U.S.S.G. § 5C1.2(a)(1), the government also argues that Booty was ineligible for the safety-valve reduction because he had a prior felony conviction. The Court notes that because this conviction occurred at age 17, Booty was assigned zero criminal history points for the offense. R. Doc. No. 427, p. 11, lines 9-10.

5C1.2, n.5. Booty received a three-level enhancement pursuant to U.S.S.G. § 3B1.1.[7] Consequently, Booty did not qualify for the safety-valve reduction.

Again, the Court notes that the United States Supreme Court outlined the standard for judging the performance of counsel in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In *Strickland*, the Court set forth a two-part test for evaluating claims of ineffective assistance of counsel that requires the petitioner to prove (1) deficient performance and (2) resulting prejudice. *Strickland*, 466 U.S. at 697. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *see also United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999). A "reasonable probability" is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Assuming, without deciding, that Booty's trial counsel was deficient for failing to properly inform Booty of the amount of information that he had to disclose to qualify for a safety-valve reduction, Booty cannot demonstrate that he satisfies the prejudice prong of the *Strickland* test. Even if trial counsel had explained to Booty the level of disclosure required to satisfy U.S.S.G. § 5C1.2(a)(5), and Booty had proffered such information to the government, he still would not have been safety-valve eligible and, consequently, would not have received a sentence below the statutory mandatory minimum. Accordingly, Booty has not demonstrated,

---

[7] At sentencing, the Court adopted Booty's Presentence Investigation Report ("PSR") and overruled Booty's objections to the PSR. R. Doc. No. 472, p. 4, lines 12-13. The PSR recommended a three-level enhancement pursuant to U.S.S.G. § 3B1.1 for his leadership role in the conspiracy.

Booty argues that "the government seeks to further distort matters by stating that [he] would not have qualified for safety-valve [sic] because [sic] his leadership role and prior offense. Neither his prior offense and/or the 'possibility' of a leadership enhancement would have prevented a safety-valve reduction." R. Doc. No. 491, p. 3. First, the Court notes that the leadership enhancement was not just a "possibility." Rather, the Court *found* that Booty had undertaken a leadership role in the conspiracy. Second, the Court reiterates that, in order for a defendant to be eligible for a safety-valve reduction, the defendant *must not be* "an organizer, leader, manager, or supervisor" as those terms are defined in U.S.S.G. § 3B1.1.

pursuant to Rule 59(e), that his motion is necessary to correct manifest errors of law or fact upon which this Court's earlier judgment is based. Nor has Booty shown an intervening change in controlling law, availability of new evidence, or a need to correct a clear error of law or prevent a manifest injustice.[8]

**IT IS ORDERED** that the motion[9] is **DENIED**.

New Orleans, Louisiana, September  19th , 2011.

_____<br>
LANCE M. AFRICK<br>
UNITED STATES DISTRICT JUDGE

---

[8] Booty also "asks this Court to take Notice of two cases now before the United States Supreme Court that deal with matters significantly related to the issues here in [his] case, i.e., ineffective assistance of counsel, pleas of guilty, plea agreements and prejudice. See MISSOURI V. FRYE (Appeal No. 10-444) The U.S. Supreme Court's decision from the above-mentioned case will significantly impact criminal cases that have related issues such as Movant's does here." R. Doc. No. 491, p. 4. Booty believes that "holding his case in abeyance" until the U.S. Supreme Court issues its opinion "will likely aid this Court in its decision." *Id.* at 4.

*Missouri v. Frye* (No. 10-444) and *Lafler v. Cooper* (No. 10-209) are scheduled for oral argument before the U.S. Supreme Court on October 31, 2011. The question presented in *Frye* is whether a defendant received ineffective assistance of counsel when defense counsel failed to inform the defendant of the government's proposed plea offer. The question presented in *Lafler* is whether a defendant received ineffective assistance of counsel when, following counsel's affirmative mis-advice, the defendant declined a favorable plea offer and was subsequently convicted and sentenced to a longer term of imprisonment.

Given that, according to Booty, defense counsel repeatedly informed him of opportunities for plea negotiations with the government, the terms of the proffered plea and urged Booty to accept the plea (R. Doc. No. 473, pp. 14-18 and 37-38), the Court finds that Booty's case is factually dissimilar.

[9] R. Doc. No. 486.