# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL ACTION** |
| **VERSUS** | **No. 07-182** |
| **TERRY BOOTY** | **SECTION "I"** |

## TRANSFER ORDER

Defendant, Terry Booty, has filed a motion[1] for reconsideration with respect to this Court's previous denial of his motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 in which he is challenging the constitutionality of his 2008 conviction and sentence. To support his challenge, he argues that he was denied effective assistance of counsel because his attorney failed to challenge his sentencing enhancement for a prior conviction pursuant to 21 U.S.C. § 851.

The Court considered and denied Booty's § 2255 motion with prejudice on the merits on March 24, 2011. A review of this Court's record reflects that Booty did not raise this issue in his original § 2255 motion.

Consequently, the motion presently before the Court is considered to be a second or successive motion as described in 28 U.S.C. §§ 2244 and 2255. *See also Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (U.S. 2005); *United States v. Brown*, 393 Fed. App'x 219 (5th Cir. 2010); *United States v. Rich*, 141 F.3d 550 (5th Cir. 1998). In order to

---

[1] R. Doc. No. 493.

overcome the prohibition against the filing of second or successive claims, the defendant must establish that the motion contains one of the following requirements:

> 1) claims based on newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
>
> 2) claims based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

Before the motion can be considered on the merits by this U.S. District Court, the defendant must obtain certification from the U.S. Court of Appeals for the Fifth Circuit to file this second or successive motion by making a prima facie showing of the above-listed requirements to the appellate court as required by § 2255. Until such time as defendant obtains said certification, this Court is without jurisdiction to proceed. Accordingly,

**IT IS ORDERED** that Booty's motion to be construed in part as a motion for certification for this Court to consider the second or successive claims raised therein.

**IT IS FURTHER ORDERED** that Booty's motion is **TRANSFERRED** to the U.S. Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. §§ 2244 and 2255 to file the instant motion for reconsideration in this Court.

New Orleans, Louisiana, June 7, 2012.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**